JS-6

FILED
CLERK, U.S. DISTRICT COURT

8/26/2019

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAMIREZ, | Case No. CV 19-5305 FMO (RAOx) |
| Plaintiff, | |
| v. | **ORDER Re: MOTION TO REMAND** |
| SAMSUNG ELECTRONICS AMERICA, INC., et al., | |
| Defendants. | |

Having reviewed and considered all the briefing filed with respect to plaintiff Daniel Ramirez's ("plaintiff") Motion to Remand and for Attorney's Fees and Costs (Dkt. 27, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

The instant case was first removed to this court nearly two years ago. See Ramirez v. Samsung Electronics Am., Inc., Case No. 17-7684 FMO (RAOx) (C.D. Cal. 2017) ("Ramirez I"). Ramirez I involved a lawsuit between plaintiff and a number of Samsung entities. (See Ramirez I, Dkt. 1-1, Complaint at ¶¶ 3-20). Among the entities plaintiff sued in the Los Angeles County Superior Court were two California companies, Samsung SDI America, Inc. ("SDIA"), and Samsung C&T America, Inc. ("C&T"). (See id. at ¶¶ 5, 13). Plaintiff is himself a citizen of

California.  (See id. at ¶ 2).

In Ramirez I, defendant Samsung Electronics America, Inc. ("SEA"), removed on the basis of diversity of citizenship.  (See Ramirez I, Dkt. 1, Notice of Removal at ¶ 9).  To support removal in Ramirez I, SEA argued that SDIA and C&T were sham defendants.  (See id. at ¶¶ 15-16).  However, the court rejected SEA's argument, and remanded the matter back to state court.  (Ramirez I, Dkt. 43, Court's Order of November 27, 2017, at 7).

After litigating in state court for a number of months, defendant Samsung Electronics Co., Ltd. ("SEC") removed the instant action from the state court for the second time.  (See Dkt. 1, Notice of Removal ("NOR") at ECF 2).

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006).  Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party."  Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

This case was commenced in the state court on October 16, 2017. (See Ramirez I, Dkt. 1-1, Complaint at ECF 12). Title 28 U.S.C. § 1446(c) provides that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

Because SEC removed the instant action "more than 1 year after commencement of the action," 28 U.S.C. § 1446(c), it argues that plaintiff engaged in "bad faith manipulation of his pleadings" to prevent an earlier removal. (Dkt. 1, NOR at ¶ 32). Specifically, it argues that SDIA and C&T – who are named as defendants in the operative second amended complaint ("SAC"), (see Dkt. 4-49, SAC at ¶¶ 8, 13) – "were fraudulently joined as sham defendants in Plaintiff's bad faith attempt to defeat diversity jurisdiction." (Dkt. 1, NOR at ¶ 26). As proof, it points to the fact that the state court granted summary judgment against both SDIA and C&T. (See id. at ¶¶ 15-16, 32). SEC also notes that plaintiff "voluntarily submitted a request for dismissal as to SDIA twelve days after the one-year anniversary of the filing of the initial Complaint," and also declined to mount a defense against the summary judgment motion directed at SDIA. (Id. at ¶ 34). Finally, SEC contends that plaintiff "failed to take any meaningful discovery against [C&T] other than to send basic written discovery that provided the same information originally provided to this Court by" two declarations. (Id. at ¶ 35).

"The bad faith exception, as distinct from the doctrine of fraudulent joinder, applies to

3

plaintiffs who joined – and then, after one year, dismissed – defendants whom they could keep in the suit, but that they did not want to keep in the suit, except as removal spoilers." Heller v. Am. States Ins. Co., 2016 WL 1170891, *2 (C.D. Cal. 2016) (alterations, emphasis, and internal quotation marks omitted). The court is unpersuaded that SEC has "met [its] burden of showing Plaintiff acted in bad faith to prevent removal." Jones v. Ramos Trinidad, 380 F.Supp.3d 516, 523 (E.D. La. 2019). To begin with, the mere fact that plaintiff assented to dismissal of SDIA 12 days after the action's one-year anniversary, (see Dkt. 1, NOR at ¶ 34), does not establish plaintiff's bad faith. See, e.g., Stroman v. State Farm Fire & Cas. Co., 2019 WL 1760588, *3 (W.D. Wash. 2019) (noting that "courts have also found that the dismissal of a non-diverse defendant thirteen days after the commencement of the action insufficient to signify that the plaintiff acted in bad faith[]," and concluding that "the dismissal of [non-diverse defendant] one year and two days after the commencement of the state court action, by itself, does not establish Plaintiffs' alleged bad faith in preventing removal") (citing Weber v. Ritz Carlton Hotel Co., 2018 WL 4491210, *4 (N.D. Cal. 2018)). Moreover, as plaintiff explains, he consented to dismissal of SDIA because "discovery revealed that SDIA was not involved in the design, manufacture, or distribution of the Samsung S7 Edge or its lithium-ion battery[.]" (Dkt. 27, Motion at 7).

Beyond this, defendants' argument that SDIA and C&T were added to this action in bad faith is seriously undermined by the court's conclusion in Ramirez I that neither was a sham defendant. (See Ramirez I, Dkt. 43, Court's Order of November 27, 2017). Indeed, the court explicitly found that "[e]ven assuming [SDIA and C&T] did not provide the battery or phone at issue, plaintiff has still alleged a colorable claim against them." (Id. at 3) (internal citation omitted). Even though SDIA and C&T were later dismissed on "summary judgment after the benefit of discovery," it is not clear to the court why it should disturb its earlier holding, made at the outset of this litigation, that the two entities were not sham defendants. See Make-A-Friend, Inc. v. Bear Mill, Inc., 2007 WL 9751835, *1 (D. Idaho 2007).

Defendants' assertion of bad faith is further undermined by the original Complaint's extensive description of SDIA and C&T's alleged role in defendants' wrongdoing. (See Dkt. 4-175, Complaint at ¶ 5) (averring that SDIA was "engaged in and responsible for the design,

manufacture, production, testing, study, inspection, labeling, marketing, advertising, sales, promotion, and distribution of lithium-ion batteries, such as the one found inside the S7 Edge" phone); id. at ¶ 8 ("SDIA and SDIC are the 'battery division' of Samsung."); id. at ¶ 9 (SDIA boasts on its website about the safety features of its batteries); id. at ¶ 16 (alleging that "C&T was responsible for manufacturing and/or overseeing the manufacture of component parts in the S7 Edge, including the lithium-ion battery," and that "C&T was additionally responsible for marketing and distributing the S7 Edge to consumers in the United States and California, including Plaintiff")).

Finally, the record indicates that plaintiff diligently litigated C&T's motion for summary judgment, brought in the state court. See Aguyao v. AMCO Ins. Co., 59 F.Supp.3d 1225, 1229-30 (D.N.M. 2014) (where plaintiff has "actively litigated against the removal spoiler . . . unless the removing defendant can adduce other evidence of bad faith, . . . the Court will presume good faith and remand the case"); Weber, 2018 WL 4491210, at *4 ("Accordingly, because the Court finds that Plaintiff actively litigated against [diversity-spoiling defendant], good faith is presumed."). For example, plaintiff argued that C&T's summary judgment motion was moot in light of fresh allegations he brought against C&T in the SAC. (See Dkt. 1-1, Notice of Ruling Granting Summary Judgment ("MSJ Ruling") at 2). Plaintiff also collected and submitted evidence, such as a "California statement of information," and "a brochure from Samsung C & T Corporation[,] the parent company of [C&T]," to prove C&T's role in the production of the S7 Edge phone. (See id. at 4). And plaintiff obtained extensive discovery, and a continuance on the "first hearing on the motion for summary judgment," so that he could spend more time "to conduct discovery and find additional evidence that [C&T] was involved in procuring and supplying cobalt, lithium, and nickel for the S7 Edge and its battery." (Id.). Although plaintiff was unsuccessful in this regard, (see id.), this does not detract from the fact that he diligently pursued his claims against C&T.[1]

---

[1] The court declines SEC's invitation to apply Kite v. Richard Wolf Med. Instruments Corp., 761 F.Supp. 597 (S.D. Ind. 1989), to grant it an equitable exemption from § 1446(c)'s one year time limit. (See Dkt. 28, Samsung's Opposition to Plaintiff's Motion to Remand[] ("Opp.") at 17-19). In Kite, the court "recognize[d] an exception to the one (1) year requirement of § 1446(b) in cases where the defendant timely removes only to have a plaintiff later add a diversity-destroying defendant and then dismiss that defendant more than one (1) year after the action was commenced." 761 F.Supp. at 601. However, the court is unwilling to apply Kite's equitable

In sum, the court finds that plaintiff did not act in bad faith in preventing SEC from removing this action earlier, and will therefore remand this matter to state court.[2]

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion to Remand and for Attorney's Fees and Costs **(Document No. 27)** is **granted in part and denied in part** as set forth herein.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles CA 90012.

3. The Clerk shall send a certified copy of this Order to the state court.

///
///
///
///
///
///
///
///

---

exemption where there has been no indication of bad faith on plaintiff's part. See, e.g., NKD Diversified Enterprises, Inc. v. First Mercury Ins. Co., 2014 WL 1671659, *4 (E.D. Cal. 2014) (finding Kite inapplicable where "Plaintiff originally named a defendant against who [it] had a valid cause of action at the commencement of the action and dismissed the defendant . . . almost fifteen months after the action was commenced"). In any event, "[t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mold each decree to the necessities of the particular case." Hecht Co. v. Bowles, 321 U.S. 321, 329, 64 S.Ct. 587, 592 (1944). And here, the court does not believe that the purposes of fairness would be served in asserting federal jurisdiction over a case where the parties have proceeded past the discovery and summary judgment stages in state court.

[2] The court declines plaintiff's request for attorney's fees incurred in litigating the Motion. (See Dkt. 27, Motion at 8-9). Although 28 U.S.C. § 1447(c) permits the court to award attorney's fees in the event of a remand, the court is unwilling to conclude that SEC "lacked an objectively reasonable basis for seeking removal" under the circumstances presented here. Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005).

1    4.  All pending motions are **denied without prejudice** subject to re-filing in the state court

2    pursuant to the state court's orders and local rules.

3    Dated this 26th day of August, 2019.

4

5

6                                        _____/s/_____

7                                              Fernando M. Olguin
                                          United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28